Frances WALLACE, Appellant,

v.

William WALLACE, Respondent.

No. 22259.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1955.

Robert S. Burns, Kansas City, for appellant.

Edward T. Matheny, Jr., Caldwell, Downing, Garrity & Eastin Kansas City, for respondent.

BOUR, Commissioner.

Plaintiff sued her husband for divorce in the circuit court of Jackson County Missouri, at Kansas City. The cause was heard in division No. 7 of the circuit court and on April 18, 1952, plaintiff was granted a divorce, the custody of the parties' minor children, Joan Frances Wallace and William Wallace, Jr., and an allowance for the maintenance of the children. The order pertaining to maintenance, as entered on the judgment record by the circuit clerk, directed the defendant to pay plaintiff $50 *a month* for the support of *each* child, beginning May 1, 1952. No appeal was taken from the decree of divorce or from the orders awarding maintenance and custody of the children.

On April 14, 1954, plaintiff filed a motion in which she set out the maintenance order, as entered of record, alleged that "it appears from the judge's docket" that the order actually rendered by the court on April 18, 1952, required the defendant to pay $50 *a week* for the support of *each* child, beginning May 1, 1952, and prayed that the order appearing on the record be corrected, nunc pro tunc, so as to make it conform to the order rendered by the court. On October 22, 1954, the defendant husband filed a "Motion for Modification of Judgment for Support Money". As grounds for his motion, he alleged inter alia that since the entry of the original decree his financial condition had changed and the son had reached his majority.

On the same day that defendant filed his motion to modify, that is, on October 22,

1954, plaintiff's motion for a nunc pro tunc order, and defendant's motion to modify, were heard in division No. 7 of the circuit court and by the same judge who heard the original divorce case. After hearing evidence, the court overruled the motion for a nunc pro tunc order. When the judge announced his ruling on that motion, counsel for defendant said: "We withdraw the motion for modification which is pending." Thereupon plaintiff filed a motion to modify the original order pertaining to maintenance, as entered of record, by increasing the allowance for the support of the daughter, who was then 17 years of age. We quote from the record:

"The Court: Do you agree we can hear the motion now?

"Mr. Matheny (counsel for defendant): We have no objection. * * *

"Mr. Burns (counsel for plaintiff): And that is my motion, that the court will consider at this time the motion to modify the existing decree which stands at $50.00 per month for child support for the one child. No question about the son."

At the conclusion of the hearing, and on October 22, 1954, the court rendered a judgment which modified the maintenance order by increasing the allowance for the support of the daughter from $50 a month to $100 a month, and by relieving the defendant from any further liability for the support of the son. The following recital appears in the last paragraph of the judgment: "By agreement of the parties plaintiff's motion for attorney's fees and defendant's motion for modification of judgment for support money are withdrawn."

There was no appeal from the judgment of modification. However, on October 30, 1954, plaintiff gave notice of appeal from the order overruling her motion for a nunc pro tunc order. In her brief, she assigns as error the action of the court in denying the motion for a nunc pro tunc order.

■ Ordinarily an appeal lies from an order denying a motion for a nunc pro tunc entry to correct an alleged error in the record of a judgment, decree or order. City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726, 727; In re Fulsome's Estate, Mo.App., 193 S.W. 618, 620. In the instant case, however, the transcript shows that after the court overruled plaintiff's motion for a nunc pro tunc correction of the original maintenance order entered of record on April 18, 1952, plaintiff filed a motion to modify the provisions of that order by increasing the allowance for the support of the minor daughter. It was conceded by plaintiff that the son had reached his majority. Plaintiff testified at length in support of her motion to modify, and at the conclusion of her testimony the court entered a judgment modifying the original maintenance order in the manner described above. As stated, no appeal was taken from that judgment. Plaintiff now contends that the order overruling her motion for a nunc pro tunc order should be reversed by this court.

■ It seems clear to us, after studying the transcript and considering the statements made by counsel for plaintiff during the hearing, that when plaintiff filed her motion to modify the maintenance order entered of record, introduced evidence in support of that motion, admitted that the son had reached his majority, and accepted the modification made by the court, she acquiesced in the order overruling her prior motion for a nunc pro tunc correction of the record. Under these circumstances she should not be permitted to appeal and assign as error the action of the court in denying her motion for a nunc pro tunc order. This conclusion is not altered by the fact that the modifying judgment relates only to the future. Although we do not pass on the merits of plaintiff's contention that the court erred in overruling her motion, it is appropriate to point out that if that order were reversed and the original maintenance order amended nunc pro tunc, in accordance with plaintiff's motion, then certain provisions and recitals in the judgment of modification would conflict with the original maintenance order, as so amended, for the amended order would speak as though originally entered in its amended

form. Plaintiff ignores the modifying judgment in urging that the order complained of be reversed.

Under the facts, as above stated, the appeal should be dismissed, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The appeal is dismissed.

All concur.